IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RHONDA WIER,

        Plaintiff,

vs.

JP MORGAN CHASE BANK, N.A.;
TRANS UNION L.L.C.; and
EQUIFAX INFORMATION SERVICES, LLC;

        Defendants.

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### Introduction

1. Ms. Wier's consumer credit reports contain serious errors as to a Chase account. The defendants refuse to correct these errors. Ms. Wier brings suit to clear her credit reputation.

### Jurisdiction

2. This Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p, and under 28 U.S.C. §§1331, 1337.

### Parties

3. Plaintiff Rhonda Michelle Wier resides in Lovington, New Mexico. She is a "consumer" as defined by §1681a(c) of the FCRA.

4. Defendant JP Morgan Chase Bank, N.A. ("Chase") is a foreign corporation, doing business in New Mexico as a lender. Chase is a "furnisher of information" as contemplated by FCRA, 15, U.S.C. §1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies

about consumer transactions or experiences with any consumer.

5. Defendant Trans Union LLC ("Trans Union") is a foreign corporation which is a "consumer reporting agency" as defined by §1681a(f) of the FCRA. Trans Union assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and uses means of interstate commerce for the purpose of preparing or furnishing consumer reports. Trans Union is a national credit reporting agency.

6. Defendant Equifax Information Services, LLC ("Equifax") is a foreign corporation which is a "consumer reporting agency" as defined by §1681a(f) of the FCRA. Equifax assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and uses means of interstate commerce for the purpose of preparing or furnishing consumer reports. Equifax is a national credit reporting agency.

## FACTS

7. Ms. Wier and her husband operate a small farm and ranch in the Lovington area.

8. Access to credit is important to them, where their income can be subject to the whims of nature.

9. In January, 2009 she began receiving calls from a debt collector, Client Services, seeking to collect an alleged credit card debt.

10. The collector referred to Ms. Wier as "Rhonda McKnight."

11. Ms. Wier had separated from Mr. McKnight in 1981 and divorced in 1982. She moved from Oklahoma to New Mexico in 1982.

12. Mr. McKnight passed away in 2008 in Oklahoma.

13. Apparently Mr. McKnight's heirs and estate did not pay his outstanding credit card bill with Chase.

14. Ms. Wier knows nothing about this debt, nor does she have any connection to or obligation to pay this debt.

15. Ms. Wier was never a signatory on the account, which was not a joint account and which belonged entirely to Mr. McKnight.

16. Somehow Chase and its collection agency connected Ms. Wier with her ex-husband and began dunning her for the debt.

17. Chase sent IRS form 1099-C (Cancellation of debt) to Ms. Wier, addressing it to Rhonda M. McKnight at Ms. Wier's current address in Lovington, New Mexico.  That form improperly exposes Ms. Wier to income tax liability for the cancellation of a debt that was not hers.

18. Chase also placed the alleged debt with a collection agency, which called Ms. Wier.

19. Ms. Wier wrote to the collection agency, disputing the debt and asking it to cease calling, which it was required to do under the Fair Debt Collection Practices Act.

20. Ms. Wier also obtained copies of her credit reports.

21. She saw that Trans Union was reporting an adverse entry on that credit report, pertaining to an account reported by Chase/Bank One Card Serv (account number 464600055789XXXX).  The credit report showed a balance of $12,261 which had been charged off, for an account opened in 1981.

22. Ms. Wier disputed the tradeline with Trans Union.  She explained that the debt was not hers and that it appeared to be an account opened by her former husband, Jerry McKnight. She told them the account must have been opened by Mr. McKnight as an individual

account and that she was never a joint obligor on the account. She also explained that she divorced Mr. McKnight in 1982, then moved from Oklahoma to New Mexico in 1982 and remarried in 1984.

23. Ms. Wier's letter told Trans Union that Mr. McKnight stayed in Marlow, Oklahoma and that Mr. McKnight died in 2008.

24. Ms. Wier also noted that the credit report showed a current address for her in Marlow, Oklahoma. She explained that she lived in Lovington, she had not lived in Oklahoma in 28 years, and she asked Trans Union to delete that obsolete and incorrect information.

25. Ms. Wier asked Trans Union to investigate and remove this information from her credit record permanently, and to take the steps necessary to make sure it did not reappear.

26. Lastly, Ms. Wier requested that Trans Union send a copy of her letter and the enclosures to Chase when it notified Chase of this dispute, so Chase would have more extensive information on which to base its own investigation.

27. Ms. Wier also wrote to Equifax. She disputed the adverse entry on her credit report pertaining to a closed account reported by Chase Bank USA, NA (account number 464600055789XXXX), showing a $12,261 chargeoff on an account opened in 1981.

28. She explained that the debt was not hers and that it appeared to be an account opened by her former husband, Jerry McKnight. She told them the account must have been opened by Mr. McKnight as an individual account and that she was never a joint obligor on the account. She also explained that she divorced Mr. McKnight in 1982, then moved from Oklahoma to New Mexico in 1982 and remarried in 1984.

29. Ms. Wier's letter told Equifax that Mr. McKnight stayed in Marlow, Oklahoma and that he died in 2008.

30. Ms. Wier also noted that the credit report showed a former address for her in Marlow, Oklahoma. She explained that she had not lived in Oklahoma in 28 years and asked Equifax to delete that obsolete information.

31. Ms. Wier asked Equifax to investigate and remove this information from her credit record permanently, and to take the steps necessary to make sure it did not reappear.

32. Lastly, Ms. Wier requested that Equifax send a copy of her letter and the enclosures to Chase when it notified Chase of this dispute, which would enable Chase to investigate its information more thoroughly.

33. Ms. Wier also sent the two credit reporting agencies a copy of her 1982 divorce decree, along with a copy of her current New Mexico driver's license. She expected that those documents would enable Trans Union and Equifax to verify the statements in her letter.

34. Upon information and belief the credit reporting agencies requested that Chase investigate and verify the accuracy of the information Chase was reporting.

35. However, Chase verified that the account belongs to Ms. Wier. Chase still reports the account inaccurately, to each of the credit reporting agency defendants. The Chase account is the only negative account on her credit report.

36. Neither of the credit reporting agencies has conducted a genuine and reasonable investigation into the inaccuracy, as requested by Ms. Wier. Each continues to parrot Chase's responses and to report inaccurate information.

37. Equifax still reports the Chase account as a delinquent. It still reports the Marlow, Oklahoma address as a former address, and it reports her former name as Rhonda M. McKnight, despite the obsolete nature of this information.

38. Trans Union, too, continues to report the Chase account as a delinquent account with no

change. It did change her current address to reflect her Lovington residence, and it appears to have deleted the Marlow, Oklahoma address as a previous address.

39. The credit reporting agencies failed to review and consider all relevant information submitted by Ms. Wier in connection with this dispute.

40. The credit reporting agencies persist in reporting information that they know or should have known to be inaccurate and damaging to Ms. Wier.

41. Ms. Wier is damaged because the damage to her credit reputation means her credit score is lower and can impede her ability to obtain favorable loans.

42. Ms. Wier also has suffered damages in the form of lost time, out-of-pocket expenses, embarrassment, aggravation and frustration.

## First Claim for Relief: Violations of the FCRA by Chase

43. Chase failed to review and consider all relevant information submitted by Ms. Wier.

44. Chase failed to conduct a genuine and reasonable reinvestigation in response to Ms. Wier's disputes.

45. Chase failed to report to Equifax and Trans Union that the information it reported about the account is inaccurate.

46. Chase persisted in reporting information that it knew or should have known to be inaccurate and damaging.

47. Chase's actions are willful or, in the alternative, negligent, violations of the FCRA, including 15 U.S.C. § 1681s-2(b).

48. Ms. Wier is entitled to actual damages, punitive damages, costs and reasonable attorney fees.

## Second Claim for Relief:
## Violations of the FCRA by Trans Union and Equifax

49. The credit reporting agencies failed to maintain reasonable procedures to ensure the maximum possible accuracy of the consumer credit information it reported concerning Ms. Wier.

50. The credit reporting agencies:

   a. failed to review and consider all relevant information submitted by Ms. Wier in connection with his disputes;

   b. failed to provide Chase with all relevant information provided by Ms. Wier;

   c. failed to conduct a genuine and reasonable reinvestigation in response to Ms. Wier's dispute;

   d. persisted in reporting information that they knew or should have known to be inaccurate and damaging; and

   e. failed to delete inaccurate information from Ms. Wier's credit report.

51. The actions and inactions of the credit reporting agencies were willful, or, in the alternative, negligent violations of the FCRA, including 15 U.S.C. §§ 1681e and 1681i.

52. Ms. Wier is entitled to actual damages, punitive damages, costs and reasonable attorney's fees.

## Third Claim for Injunctive Relief

53. The credit reporting of Ms. Wier's Chase account, and the credit reporting agencies' actions and inactions concerning the reporting of the account, constitute a violation of the New Mexico Unfair Practices Act, § 57-12-1 *et seq.* NMSA.

54. Defendants knowingly and willfully engaged in the violation of the UPA.

55. Plaintiff is entitled to injunctive relief under that Act and the New Mexico Credit Bureaus Act, NMSA 1978 § 56-3-1, as well as under the court's inherent power to award equitable relief, to enjoin the inaccurate credit reporting, which causes irreparable injury.

## Jury Demand

56. Plaintiff hereby demands trial by six-person jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Award actual damages and punitive damages for Defendants' violations of the FCRA;

B. Award reasonable attorney's fees and costs;

C. Enjoin defendants from incorrectly reporting this Chase account;

D. Provide such further relief this Court deems just.

Respectfully submitted,

*/s/ E-filed June 18, 2010*
Richard N. Feferman
FEFERMAN, WARREN & TREINEN, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773